## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

**SALEEBAN ISSE ADAN**                  :
**aka SALEEVAN ISSE ADAN,** [1]          :
       **Plaintiff,**      :
                              :     **NO. 5:25-CV-000481-MTT-ALS**
       **VS.**             :
                              :
**MR. JOHNATHAN,**                       :
       **Defendant.**     :
_____              :

## <u>ORDER OF DISMISSAL</u>

*Pro se* Plaintiff Saleeban Isse Adan, also known as Saleevan Isse Adan, a prisoner at Georgia Diagnostics & Classification Prison in Jackson, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid the filing fee. Therefore, the Court reasons Plaintiff also seeks leave to proceed *in forma pauperis*. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED** for the reasons set forth below. Furthermore, because Plaintiff's complaint does not state a right to any recognizable relief and contains frivolous

---

[1] Although Plaintiff filed the instant case as Saleeban Adan, a review of the Georgia Department of Corrections (GDC) Database using the GDC ID number listed by the Plaintiff shows his name spelled as Saleevan Isse Adan. *Find an Offender*, Georgia Department of Corrections, http://dcor.state.ga.us/GDC/Offender/Query (last visited Nov. 4, 2025). Plaintiff is a vexatious litigant who has filed more than one hundred (100) federal civil actions under these two names as well as other monikers in the Northern District of Georgia, Middle District of Georgia, Southern District of Georgia, and Northern District of Florida. *PACER Case Locator*, PACER, https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf (last visited Nov. 4, 2025).

allegations, this action is **DISMISSED WITH PREJUDICE**.

## I.   DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in

federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in
> any facility, brought an action or appeal in a court of the United States that
> was dismissed on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike"

any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous,

(2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192

(11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84

(11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render

a dismissal a strike"). A case dismissed as an "abuse of the judicial process" counts as a

strike under 28 U.S.C. § 1915(g). *Rivera v. Allin,* 144 F.3d 719, 731 (11th Cir. 1998),

*abrogated on other grounds by Jones v. Bock,* 549 U.S. 199 (2007) (holding that dismissal

of case for abuse of judicial process when plaintiff "lied under penalty of perjury about the

existence of a prior lawsuit," counts as a strike even if the court "may not have uttered the

words 'frivolous' or 'malicious'"). In fact, a "dismissal for abuse of the judicial process is

precisely the type of strike that Congress envisioned when drafting Section 1915(g)." *Id*.

(citations omitted). Once a prisoner incurs three strikes, his ability to proceed *in forma

pauperis* in federal court is greatly limited. Leave to proceed *in forma pauperis* may not

be granted unless the prisoner is under imminent danger of serious physical injury.

2

*Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed more than one hundred (100) federal lawsuits and that at least three of his complaints have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.,* ECF No. 5 in *Adan v. Wade American White Government*, No. 5:22-CV-00188-MTT-CHW (M.D. Ga, July 20, 2022) (listing cases); *Adan v. American White Government*, No. 5:24-CV-00031-TES-CHW (M.D. Ga, Jan. 25, 2024) (dismissing complaint under the three strikes provision of § 1915(g) and pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous); *Adan v. Ga. State Prison*, No. 5:15-CV-363-MTT-MSH (M.D. Ga. Dec. 2, 2014) (dismissing complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous); *Adan v. All*, No. 1:14-CV-01274-WSD (N.D. Ga. Nov. 19, 2014) (dismissing complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim); *Adan v. Am. Music Rec.*, No. 5:14-CV-0274-MTT-MSH (M.D. Ga. July 29, 2014) (dismissing complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous); *Adan v. Cent. State Hosp.*, No. 1:05-CV-0370-WSD (Mar. 14, 2005) (dismissing complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).  Plaintiff is thus barred from prosecuting this action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  To qualify for this exception, a prisoner must allege specific facts, as opposed to "general assertion[s]," that describe an "ongoing serious physical injury or . . . a pattern of

misconduct evidencing the likelihood of imminent serious physical injury." *Id.* (citation omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349 (citations omitted). "[G]eneralized references to being in danger or being subject to abuse, . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *3 (N.D. Fla. July 5, 2023).

Nowhere in Plaintiff's complaint does he provide any specific or nonfrivolous facts suggesting that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff, therefore, may not proceed *in forma pauperis* and his action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)").

## II. DISMISSAL AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim

upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

Here, Plaintiff states that he wants to sue his "son Mr. Johnathan" for taking the "net bag" that Plaintiff uses for washing his clothes. ECF No. 1 at 5, 6. Plaintiff also states that "inmate Mr. Johnathan he say something …[and Plaintff] read his mind but he did not say to [Plaintiff] give [him] net bag but [Plaintiff] feel at to him and that he want [Plaintiff] to give him foods and [Plaintiff] give him some foods." *Id*. at 6. Plaintiff further complains that he "don't like black inmates and white inmates" and "they are from another poisoner. Your Hon the gentil Jewish they cannot be Christian but the black religions and the other peoples muslims, they want took to United States." *Id*. at 5. Plaintiff claims he has heart and mind problems as well as "dangerous lizard worms … in [his] stomach." *Id*.

First, Plaintiff's named Defendant Mr. Johnathan is a fellow prisoner in Jackson State Prison. ECF No. 1 at 4-6. However, to state a claim under § 1983, a plaintiff must allege an action or omission by a person acting under color of state law. *Hale*, 50 F.3d at 1582. "Only in rare circumstances" will private individuals be converted into "state actors" for purposes of § 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Fellow inmates predominantly do not meet the criteria to be deemed state actors in federal civil rights claims pursuant to § 1983. *See id*.; *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Jackson v. Strickland*, No. 4:17-CV-243-CDL-MSH, 2018 WL 2424140, at *2 (M.D. Ga. Apr. 4, 2018), *report and recommendation adopted*, 2018 WL 2422318 (M.D. Ga. May 29, 2018) (dismissing plaintiff's claims against a fellow

inmate for an assault). [2]

More importantly, the liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios." *Id*. at 328; *Denton v. Harnandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional). The violations of which Plaintiff complains and the relief he seeks are frivolous because they are predicated upon allegations that are "fanciful, fantastic, irrational, and/or delusional." *See Porter v. Governor of the State of Fla*., 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton*, 504 U.S. at 32-33). Thus, even when construed liberally and in his favor, Plaintiff's complaint is "without arguable merit either in law or fact", fails to satisfy the minimal standards of rationality required at the preliminary screening stage, and is subject to immediate dismissal. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Gray v. U.S. Government*, 540 F. App'x 916, 917 (11th Cir. 2013) (citing *Denton*, 504 U.S. at 32-33). Accordingly, Plaintiff's complaint is **DISMISSED WITH PREJUDICE**[3] as frivolous under 28 U.S.C. § 1915A(b)(1).

---

[2] To any extent that Plaintiff also wanted to include all "black inmates" and "white inmates" that he does not like as Defendants (see ECF No. 1 at 1 and 5), the same analysis applies that he cannot generally sue his fellow prisoners under § 1983.

[3] The Court realizes that dismissal with prejudice under 28 U.S.C. § 1915A is "an extreme sanction to be exercised only in appropriate cases." *Camp v. Oliver*, 798 F.2d 434, 438 (11th Cir. 1986). This is an "appropriate case[]." *Id*. This case qualifies for such treatment because Plaintiff's allegations are "clearly baseless and without arguable merit in fact" and are therefore frivolous under 28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

For the foregoing reasons, Plaintiff may not proceed *in forma pauperis* in this action and this action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**, this 5th day of November, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

*See Trevino v. Fla.*, 687 F. App'x 861, 862 (11th Cir. 2017); *Jordan v. Central Intelligence Agency*, No. 5:18-cv-455 (MTT), ECF No. 4 (M.D. Ga. Dec. 5, 2018) (quoting *Bey v. Sec'y, U.S. State Dep't*, 2018 WL 3135153, at *3 (M.D. Fla. 2018)). Furthermore, District courts have the inherent power to dismiss *sua sponte* frivolous suits without giving notice to the parties. *See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F2d 524, 526, 526 n.3 (11th Cir. 1983); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019); *Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008)).

7